**SOON YUNG AHN, also known as Soon Young Ahn, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 19537.

United States Court of Appeals
Ninth Circuit.

May 24, 1965.

Rehearing Denied June 28, 1965.

James Canfield, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

Before ORR, HAMLEY and DUNIWAY, Circuit Judges.

PER CURIAM:

Soon Yung Ahn is a native and citizen of the Republic of Korea. He last entered the United States on January 19, 1959, as a student. Thereafter, he received extensions of his temporary stay until January 18, 1963, but failed to depart from the United States on or before that date. On February 14, 1964, the Immigration and Naturalization Service instituted these deportation proceedings against him, charging him with being deportable under section 241(a) (2) of the Immigration and Nationality Act (Act), 66 Stat. 204 (1952), 8 U.S.C. § 1251(a) (2) (1958).

Soon Yung Ahn admitted, during these proceedings, that he was deportable on the stated charge. However, pursuant to 8 C.F.R. § 242.17 (1962), he applied for the withholding of his deportation to the Republic of Korea under the provisions of section 243(h) of the Act, 8 U.S.C. § 1253(h) (1958). This statute provides that the Attorney General is authorized to withhold deportation of any aliens within the United States to any country in which " * * * in his opinion the alien would be subject to physical persecution * * * " and for such period of time as he deems to be necessary for such reason.

Following a hearing on the deportation charge and the application for the withholding of deportation, the special inquiry officer found that Soon Yung Ahn is deportable, denied the application made under section 243(h), granted voluntary departure, and ordered that, if he fails to depart when required, he shall be deported to the Republic of Korea. The deportee appealed to the Board of Immigration Appeals (Board). On that appeal, he did not contest deportability but appealed only from denial of his section 243(h) application.

Upholding the special inquiry officer on the merits of the question presented, the Board dismissed the appeal. Soon Yung Ahn thereupon petitioned this court to review the action of the Board. We have jurisdiction under section 106 of the Act, 8 U.S.C. § 1105a. See Foti v. Immigration and Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281.

Petitioner contends that: (1) the special inquiry officer erroneously, arbitrarily and capriciously concluded that

petitioner would not be subjected to physical persecution if returned to the Republic of Korea, (2) the special inquiry officer erroneously considered the 1946 Year Book of the World Book Encyclopedia respecting conditions in Korea without allowing petitioner an opportunity to rebut the opinions expressed therein, (3) the special inquiry officer erroneously refused to grant petitioner the opportunity to present additional documentary evidence, (4) the special inquiry officer failed to construe the term "physical persecution" to include economic proscription so severe as to deprive a person of all means of earning a livelihood, and (5) the Board erroneously failed to remand the case to the special inquiry officer for reconsideration in the light of certain recent events in Korea, including riots, demonstrations and arrests.

After examination of each of these contentions we conclude and hold that they are without merit.

Affirmed.